IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILBUR EUGENE HUNTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABI, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACT. NO. 2:13-CV-661-WKW |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was filed by *pro se* plaintiff, Wilbur Eugene Hunter, on September 16, 2013. (Doc. 1). Hunter alleges that the Defendants violated his civil rights by unlawfully intercepting his telephone calls, bullying his employers, hacking into his email accounts, and engaging in various acts of harassment. Hunter demands two billion dollars in compensation for injuries sustained as a result of the Defendants' alleged actions.

On September 25, 2013, this court entered an order setting the case for a status conference at 10:30 a.m. on October 10, 2013. (Doc. 4). In the September 25, 2013, order, the court warned Hunter:

> **The plaintiff is specifically advised that if he fails to appear as required by this order, the court will treat his failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.**

(Doc. 4 (emphasis in original)).

The Clerk of Court mailed a copy of this court's September 25, 2013 order to the post office box address provided by Hunter. On September 30, 2013, the Clerk's mailing was

returned as undeliverable. The United States Postal Service placed the following notation on the mailing: "Return to Sender, Box Closed, Unable to Forward."

On October 1, 2013, this court entered an order reminding Hunter "that, while this case is pending, it is his duty to provide direct, written notification to the Clerk of this Court of any change of address or telephone number." (Doc. 5). Further, the court ordered Hunter to provide the Clerk of Court, on or before October 8, 2013, written notice of his current mailing address. (Doc. 5). In the October 1, 2013 order, the court warned Hunter:

> ***The plaintiff is specifically advised that if he fails to comply with this order, the court will treat his failure to comply as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.***

(Doc. 5 (emphasis in original)).

Hunter did not respond to the court's October 1, 2013 order.

On October 10, 2013, Hunter did not appear for the status conference as required by this court's September 25, 2013 order.

Consequently, based on Hunter's failure to comply with the court's October 1, 2013 order, and based on his failure to appear at the status conference as required by this court's September 25, 2013 order, the court concludes that he has abandoned his claims. "[E]ven a non-lawyer should realize the peril to h[is] case, when []he . . . ignores numerous notices, and fails to attend hearings . . . . Even a non-lawyer should realize the need to communicate . . . with the court." *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Hunter's complaint be **DISMISSED** without prejudice.  It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **October 25, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of October, 2013.

                                                /s/Charles S. Coody
                                                CHARLES S. COODY
                                                UNITED STATES MAGISTRATE JUDGE