IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILBUR EUGENE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:13-CV-661-WKW |
| | ) | (WO) |
| ABI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

Before the court is the amended complaint (Doc. 16) filed by the Plaintiff, Wilbur

Eugene Hunter.  Also before the court is the motion for leave to proceed *in forma pauperis*

(Doc. 2).  For the following reasons, the court concludes that the plaintiff's claims shall be

dismissed prior to service.

**I.  Standard of Review**

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial

power of the United States as defined by Article III of the Constitution,'and which have been

entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365,

1367 (11th Cir. 1994)).  Therefore, a federal court is obligated to inquire into subject matter

jurisdiction *sua sponte* "at the earliest possible stage in the proceedings."  *Id*. at 410.  "It is

to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding that, under 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint of a nonprisoner[1] proceeding *in forma pauperis* may be dismissed prior to service for failure to state a claim upon which relief can be granted).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Under this standard, to survive a motion to dismiss, factual allegations in the complaint need

---

[1] *Troville* was filed by a civilly committed detainee, and the Eleventh Circuit held that the plaintiff was not a "prisoner" within the meaning of 28 U.S.C. § 1915. *Troville*, 303 F.3d at 1258, 1260; *see also Brown v. Johnson*, 387 F.3d 1344, 1348 (2004) ("*Troville* did not involve a prisoner.").

2

not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also  Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint).  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

It is true that "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education."  *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 550 U.S. 662. A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal.  See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (applying *Twombly* to a *pro se* complaint).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *Cf.* Fed. Rule Civ. Proc. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR*, 132 F. 3d at 1369 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)); *see also Hopkins v. Saint Lucie County School Bd.*, 399 Fed. Appx. 563, 565 (11th Cir. 2010)

3

(unpublished) (citations omitted) ("While the pleadings of pro se litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings.").

## II.  Procedural History

On September 16, 2013, Wilbur Eugene Hunter, proceeding *pro se*, filed a complaint against the Alabama Bureau of Investigation ("ABI"), Federal Bureau of Investigation ("FBI"), City of Montgomery Police Department ("MPD"), National Security Administration ("NSA"), and "ISP Service Providers."  (Doc. 1).  From the allegations in the initial complaint, it appeared that Hunter believed the Defendants had engaged in some sort of conspiracy to violate Hunter's civil rights; however, it was not possible to discern what laws or constitutional provisions the Defendants allegedly violated, what specifically each of the Defendants did to violate the law or Constitution, or when those alleged violations occurred.

Therefore, the court held a status conference on December 10, 2012.[2] At the status conference, the court inquired further about the nature of Hunter's claims. The court instructed Hunter that his claims must include sufficient factual allegations to state a claim upon which relief could be granted.

On December 10, 2013, the court entered an order advising Hunter of the requirements of § 1915, including the requirement that the complaint must consist of "'more

---

[2]The status conference was originally scheduled for October 10, 2013.  However, when Hunter failed to appear or otherwise prosecute the case, the action was dismissed without prejudice.  (Docs. 6, 11).  After Hunter appeared and sought reconsideration of the dismissal, this case was reinstated.  (Doc. 11).

than labels and conclusions,'" and that "factual allegations in the complaint need not be detailed but 'must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (Doc. 14 pp. 1-2 (quoting *Twombly*, 550 U.S. at 555)). The court stated:

> Having considered the complaint, and having held a status conference in this case on December 10, 2013, and for good cause, it is
>
> **ORDERED** that, on or before, January 2, 2014, Plaintiff Wilbur Eugene Hunter shall file an amended complaint. In the amended complaint, Hunter must (1) name the person or persons who have allegedly taken unconstitutional actions against him; (2) describe with reasonable particularity each alleged unconstitutional action; and (3) provide the dates on which each of the allegedly unconstitutional acts occurred.

(Doc. 14) (emphasis in original)).

Hunter filed an amended complaint which the court now evaluates pursuant to § 1915. (Doc. 16).

### III.  Discussion

**A.   Federal Claims against BellSouth Owners and F. Duanne Ackerman**

In his amended complaint, Hunter alleges that "Bell South Owners Begin tapping my phone sharing my call without my authorization with unlawful law enforcement agency. Also tampering with my bills and business calls. On my personal business calls." (Doc. 16) (sic). Hunter names F. Duane Ackerman as the individual responsible for the acts of BellSouth Owners, and he alleges that this conduct occurred in 2005 and that the conduct violated his "civil rights, privacy, and service terms and agreement." *Id.*

From these cryptic allegations, it appears that Hunter attempts to state a claim against

BellSouth Owners and F. Duane Ackerman for a 2005 conspiracy with an unnamed "unlawful law enforcement agency" to deprive him of his constitutional rights under color of state law in violation of 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983 (establishing liability for the deprivation of constitutional rights under the color of state law); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (holding that an otherwise private person acts "under color of" state law, and may be subject to liability under §1983, when engaged in a conspiracy with state officials to deprive another of federal rights). This action was originally filed on September 16, 2013. (Doc. 1). Accordingly, Hunter's § 1983 claim against BellSouth Owners and F. Duane Ackerman is clearly barred by the two-year statute of limitations applicable to § 1983 actions in Alabama. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (holding that all constitutional claims brought under § 1983 are tort actions subject to the statute of limitations governing personal injury actions of the state in which the action has been brought, which, in Alabama, is two years).

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), Hunter's § 1983 claim against BellSouth Owners and F. Duane Ackerman is due to be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted. *See Hughes v.Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (holding that, pursuant to 28 U.S.C. § 1915(e)(2)(b)(i), a district court properly dismissed a § 1983 claim prior to service on grounds that the complaint was frivolous because, from the face of the complaint, it was apparent beyond doubt that the statute of limitations barred the claim). *Cf. Reynolds v. Murray*, 170 Fed. Appx. 49, 50-51 (11th Cir. 2006) (holding that, pursuant to 28 U.S.C. §

1915A(b)(1), a district court properly dismissed a prisoner's § 1983 claim with prejudice for failure to state a claim upon which relief can be granted where it was clear from the face of the complaint that the statute of limitations had run).

B. **Federal Claims against Charter Communication Owners, Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, and Sergey Brin**

Hunter's amended complaint contains the following allegations:

Charter Communication Owners Use of Internet Service Provider's service here in Montgomery. Allowing online unauthorized usage of my accounts and violated my accounts allowing hacking and unauthorized users know all my business and monitoring from law enforcement violating their terms and agreement and my privacy while using their internet service.

2005 all through till now 2013 on and off Thomas Rutledge

Knology Cable Owners Use of Internet Service Provider's service here in Montgomery. Allowing online unauthorized usage of my accounts and violated my accounts allowing hacking and unauthorized users know all my business and monitoring from law enforcement violating their terms and agreement and my privacy while using their internet service.

(Doc. 16 p. 1) (sic).

AT&T for time using the phone services and ISP' services allowing my calls to be intercepted and tapped by unauthorized law enforcement, NSA, and allowing my email accounts and online accounts to be monitored and used without my permission.

2005 up to 2013 Randall L. Stephenson

Google for allowing unauthorized usage of my accounts while using their services. Unlawful and unauthorized monitoring, blocked messages to business partners, and personal messages. Messages being sent to my business partners on my behalf through my account making business partners think I sent. Allow law enforcement agency to get into my accounts without my permission. Violating my agreement to their terms and policy and violating

my privacy agreement and right.

2005 up to 2013 Larry page and Sergey Brin

(Doc. 16 p. 2) (sic).

42 U.S.C. § 1983 prohibits the deprivation of constitutional rights under color of state law. "'[L]ike complaints in all other cases, complaints in § 1983 cases must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (citations and internal quotation marks omitted). Hunter's complaint contains no allegations from which it could be inferred that Charter Communication Owners, Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, or Sergey Brin acted under color of state law or that they were acting jointly with state actors to deprive Hunter of his constitutional rights. *See Dennis*, 449 U.S. 24 at 27-28 ("Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions."). At most, Hunter alleges that Charter Communication Owners, Knology Cable Owners, AT&T, and Google allowed "monitoring from law enforcement" of Hunter's "accounts," but no *facts* are provided from which it could be inferred that any monitoring by the unnamed law enforcement entities was executed illegally, without a warrant, or in violation of Hunter's constitutional rights.

The allegation that any of these defendants allowed "law enforcement" access to Hunter's accounts without Hunter's "authorization" or "permission" does not state a federal claim. The Constitution does not require the government to obtain the "authorization" or

"permission" of a person before conducting a search; in fact, it expressly provides for reasonable searches and seizures and the issuance of warrants when consent has not been provided.  U.S. Const. Amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").

The allegation that unauthorized monitoring of Hunter's Google account was "unlawful" is also insufficient to state a federal claim. Merely stating that conduct was "unlawful" is nothing more than a legal conclusion entitled to no deference by the court. *Iqbal*, 556 U.S. at 680.  To state a claim upon which relief can be granted, the plaintiff must state sufficient *facts* from which it could be concluded that the conduct is unlawful. *Iqbal*, 556 U.S. at 678 (holding that, while Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Hunter has not stated any facts from which it can be concluded that he was unlawfully deprived of any rights under federal law; therefore, his complaint fails to state a § 1983 conspiracy claim. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) ("A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right.").

Accordingly, Hunter's § 1983 claims against Charter Communication Owners,

Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, and Sergey Brin are due to be dismissed without prejudice under § 1915(e)(2)(B)(ii) on grounds that the complaint fails to state a claim against them.

## C.      Federal Claims against the NSA, FBI, and ABI

"[S]overeign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer* 510 U.S. 471, 475 (1994).  Where the Federal Government has not waived sovereign immunity, subject matter jurisdiction is lacking.  *Id*.  The NSA and the FBI are agencies of the Federal Government, and there are no allegations implicating waiver in this case.  Accordingly, the court lacks subject matter jurisdiction over Hunter's claims against the NSA and the FBI.

"Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir.1986); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.").  Federal courts have no jurisdiction over suits against unconsenting States. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996).  The ABI is an

10

agency of the State of Alabama, and there are no allegations implicating waiver in this case.

Accordingly, the court lacks subject matter jurisdiction over Hunter's claims against the ABI.

Therefore, the Hunter's claims against the NSA, FBI, and ABI are due to be dismissed

for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) (providing that claims must

be dismissed whenever it is determined that subject matter jurisdiction is lacking).

**D.      Federal Claims against Keith Alexander and James Clapper**

Hunter's complaint contains the following allegations:

NSA surveillance of my accounts and phone calls unlawfully, know all my
business and personal contact and connection and business and personal
transactions.  Also using my online accounts without my authorization.

2005 up to now 2013 Keith Alexander and James Clapper

(Doc. 16 p. 2) (sic).

Hunter's allegation that Keith Alexander and James Clapper conducted surveillance

of his "accounts and phone calls unlawfully" is not sufficient to state a claim.  *See Iqbal*, 556

U.S. at 680 (holding that a plaintiff's statement that the defendant's conduct was "unlawful"

constituted a legal conclusion "not entitled to the assumption of truth" and, absent factual

allegations describing the allegedly unlawful conduct, failed to state a claim upon which

relief could be granted).  The factual allegations Hunter provides do not allow for the

inference that the Keith Alexander or James Clapper acted "unlawfully" or in violation of his

constitutional rights.  The Constitution does not require the government to obtain the

"authorization" of a suspect before conducting a search; rather, the Constitution protects

11

against unreasonable and warrantless searches. U.S. Const. Amend. IV.   Further, the complaint states absolutely no facts indicating what, if anything, Keith Alexander or James Clapper did on behalf of the NSA that could give rise to a federal cause of action.

Accordingly, the claims against the Keith Alexander and James Clapper are due to be dismissed without prejudice under § 1915(e)(2)(B)(ii) on grounds that the complaint fails to state a claim against them.  *Iqbal*, 556 U.S. at 678 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. Rule Civ. Proc. 8(a)(2)).

**E.    Federal Claims against James Comey and Luke Garner**

Hunter's complaint contains the following allegations:

FBI for harassment of my family and friends bribing and giving gifts, and things like clearing their credit, giving houses, cars, etc. blackmailing and setting me up to destroy my life and friends and family lives and our relationships making it seem to them I did evil, and was in some bad trouble, and was dangerous to society.

2005 up to 2013 James Comey

(Doc. 16 p. 1) (sic).

Officer harassed family went on brother's job with information that they pulled from my online accounts.  Lying telling my mom and brother that I was being investigated for terrorism stopping by their home and worrying my mom, brothers and dad, and family calling my sisters b[r]others, brother in laws' name nephews and a lot of my family like I involved in some big crime.  They are still here in 2013 harassing me and my family with these lies.

Oct 3, 2013 Luke Garner

12

(Doc. 16 p. 3) (sic).

Hunter does not have standing to seek relief on behalf of other people, including his family and friends. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004) (holding that, to establish standing, "[t]he plaintiff must show that the conduct of which he complains has caused *him* to suffer an 'injury in fact;'" further, the doctrine of standing "encompasses 'the general prohibition on a litigant's raising another person's legal rights'" (emphasis added; citations omitted)). Therefore, Hunter's claims against the James Comey and Luke Garner are due to be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Dermer v. Miami-Dade County*, 599 F.3d 1217, 1220 (11th Cir. 2010) (holding that the question of standing is a "question[] concerning . . . subject matter jurisdiction").

### F.    Federal Claims Against MPD Chief Murphy

Hunter's complaint contains the following allegations:

MPD Chief Murphy for harassment of me while at work and leaving work following me around town hate crimes, while I travel overseas with my ministry. I was followed by an officer with him acting as if he was ready to shoot. Like I was about to rob the gas station, I know he knew I was just getting off work and was just getting gas to go home from work. Just harassment being follow around town by city chain gang supervisors. Last harassed on same day I came to status conference Dec 10, 2013. They bold.

2005 up to now Chief Murphy

(Doc. 16 pp. 2-3) (sic).

Liberally construed in Hunter's favor, Hunter's allegation that he was followed by an officer who "acted like he was ready to shoot" is an attempt to state a claim under 42 U.S.C. § 1983 for false arrest or excessive force. However, the complaint fails to state a claim for false arrest because there is no allegation that Hunter was stopped or detained in any manner by the officer, only that he was "followed" by an officer who suspected (incorrectly) that Hunter was going to rob a gas station on his way home from work. *Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008) ("[T]o establish a constitutional violation in a § 1983 false arrest claim, the plaintiff . . . must prove that the officer arrested h[im] without at least arguable probable cause to believe []he had committed or was committing a crime."); *Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007) ("In Fourth Amendment terminology, an arrest is a seizure of the person.").

Hunter's allegation that the officer was "acting as if he was ready to shoot" is too vague to state a claim for use of excessive force; it is not possible to discern from the complaint whether the officer drew his gun and pointed it threateningly at Hunter, or whether he simply appeared ready to draw his weapon in the event that circumstances required it. The complaint simply does not contain sufficient factual allegations to allow the court to determine what the officer did to indicate that he was "ready to shoot;" while the court must indulge reasonable inferences in Hunter's favor based on the factual allegations in the complaint, the court cannot embellish the complaint to effectively add facts about the nature of the officer's conduct in order to sustain the action. *Aldana v. Del Monte Fresh Produce,*

*N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (holding that, on a motion to dismiss, a court is not allowed to make "unwarranted deductions" that have no basis in the factual allegations of the complaint); *GJR*, 132 F. 3d at 1369 (holding that the deference shown a *pro se* pleading "does not give a court license . . . to rewrite an otherwise deficient pleading in order to sustain an action"). Thus, on its face, Hunter's threadbare allegation that the officer appeared "ready to shoot," even if accepted as true, does not give rise to the reasonable inference that Hunter was in any way unlawfully assaulted, injured, or otherwise subjected to excessive force by an officer acting under color of state law in violation of § 1983. *See Iqbal*, 556 U.S. at 1949 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

Hunter's allegation that he was "followed" by local MPD officers and chain gang supervisors, both "around town" and overseas, is likewise too vague to state a claim for anything. To state a claim under § 1983, the complainant must allege that he has been deprived of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Following someone, without more, is not a violation of the Constitution or laws of the United States.

Accordingly, Hunter's claim against MPD Chief Murphy are due to be dismissed without prejudice under § 1915(e)(2)(B)(ii) on grounds that the complaint fails to state a claim against him. *Randall*, 610 F.3d at 707 n.2 ("[C]omplaints in § 1983 cases must . . .

15

contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." ).

**G.    State Law Breach-of-Contract Claims Against BellSouth Owners and F. Duanne Ackerman, Charter Communication Owners, Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, and Sergey Brin**

Hunter also alleges that BellSouth Owners, F. Duanne Ackerman, Charter Communication Owners, Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, and Sergey Brin breached internet and telephone service contracts by allowing law enforcement to access those accounts without Hunter's authorization or permission.   However, the court does not have original subject matter jurisdiction over Hunter's breach-of-contract claims because the claims do not arise under federal law, and complete diversity[3] is lacking. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) (conferring original jurisdiction on the federal courts in civil actions "between citizens of different states" in which the jurisdictional

---

[3]The citizenship of Bellsouth Owners, F. Duane Ackerman, Charter Communication Owners, Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, and Sergey Brin is not evident from the face of the complaint. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside" the limited subject matter jurisdiction of the court, "and the burden of establishing the contrary rests upon the party asserting jurisdiction."). However, even if none of these defendants are citizens of Alabama, "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Strawbridge v. Curtiss*, 7 U .S. (3 Cranch) 267 (1806). From the allegations of the complaint, the court concludes that Hunter is an Alabama citizen.  The court takes judicial notice that Defendant Charles Anderson, a member of the bar of this court, is an Alabama citizen who practices law at the Anderson Law Firm, which is located in Montgomery, Alabama, and which is also named as a defendant. In addition, Hunter names other Alabama residents as defendants, *e.g.*, MPD Chief Murphy.

16

amount is met); *see Hopkins v. BP Oil, Inc.*, 81 F.3d 1070, 1071 (11th Cir. 1996) (noting that a breach of contract action arose under Alabama state law).

Further, the court lacks supplemental jurisdiction over the breach-of-contract claims. Supplemental jurisdiction may be exercised "in any civil action of which the district courts have original jurisdiction" over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. As explained in Sections III. A-D. of this opinion, Hunter's federal claims are due to be dismissed. Accordingly, the breach-of-contract claims are not related to any federal claims in this action, and there is no basis for supplemental jurisdiction. 28 U.S.C. § 1367.

Accordingly, Hunter's claims for breach of contract are due to be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## H.   Campbell B. Lanier and Greater Valley Group, LLC

Hunter also included the following in his complaint: "2005 all through till now 2013 Campbell B. Lanier, III, Chairman, Greater Valley Group, LL[C,] Campbell B. Lanier, III, Holding Co., and Greater Valley Group, LLC." (Doc. 16 p. 1) (sic). The complaint contains absolutely no allegations of fact regarding these entities. Accordingly, Hunter's claims against Campbell B. Lanier and Greater Valley Group, LLC, are due to be dismissed without prejudice under § 1915(e)(2)(B)(ii) on grounds that the complaint fails to state a claim

against them. *See Iqbal*, 556 U.S. at 678 (holding that "'naked assertions' devoid of 'further factual enhancement'" fail to state a claim upon which relief can be granted (quoting *Twombly*, 550 U.S. at 557)).

## I.    Claims against Charlie Anderson and Anderson Law Firm

Hunter's complaint contains the following allegation:

Charlie Anderson for legal mal practice and consulting with the defendants about my case and holding the case from since 2005 as if they are going to represent me and at time of case backing out and causing me to represent myself.

2005 up to 2013 Charlie Anderson (Anderson Law Firm)

(Doc. 16 p. 2)

"Under Alabama law, all actions against legal service providers that allege a breach of duty in providing legal services are governed by the Alabama Legal Services Liability Act," Ala. Code 1975 § § 6–5–570 *et seq. Kinsey v. King* 257 Fed. Appx. 136, 139 (11th Cir. 2007) (citing *Sessions v. Espy*, 854 So.2d 515, 522 (Ala. 2002)).   Thus, Hunter's claim against Charlie Anderson and the Anderson Law firm arises under Alabama law.  The court does not have original jurisdiction over this legal malpractice claim because the claim does not arise under federal law, and complete diversity is lacking. 28 U.S.C. § 1331 ( providing for original jurisdiction in "civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) (providing for original jurisdiction in civil actions "between citizens of different states" in which the jurisdictional amount is met);  *Ray v. Tenn. Valley Auth.*, 677 F.2d 818, 825 (11th Cir.1982) (holding that a federal court lacked

jurisdiction over a legal malpractice under Alabama law because diversity was lacking and the claim did not present a federal question).

Further, the court lacks supplemental jurisdiction Hunter's legal malpractice claim. 28 U.S.C. § 1367 (providing for supplemental jurisdiction of state law claims "in any civil action of which the district courts have original jurisdiction" over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). As explained in Section III. A-C. of this opinion, the federal claims in this case are due to be dismissed; thus, the court does not have original jurisdiction over this lawsuit, and there is no basis for supplemental jurisdiction.

Moreover, the only putative federal claims in this lawsuit are against various internet service providers and law enforcement entities for "harassment," illegal searches, and conspiracy to deprive Hunter of his constitutional rights. The legal malpractice claim against Charlie Anderson and the Anderson law firm is essentially a negligence claim under state law. *McDuffie v. Brinkley, Ford, Chestnut, and Aldridge*, 576 So. 2d 198, 199 (Ala. 1991) ("[I]n a legal malpractice case a plaintiff must prove, basically, the same that must be proven in an ordinary negligence suit."). To prevail on a legal malpractice claim, Hunter must show that Charlie Anderson and the Anderson Law firm owed him a duty and breached it, that he was injured by the breach, and that the breach was the proximate cause of his injury. Thus, while the legal malpractice claim bears some attenuated, tangential connection to Hunter's

19

federal claims against other defendants because it arises out of the alleged mishandling of a lawsuit against "the defendants," the legal malpractice claim requires proof of an entirely separate set of facts unrelated to the other defendants' alleged misconduct.   As such, Hunter's legal malpractice claim is not "so related to" Hunter's federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." supplemental jurisdiction does not exist over the legal malpractice claim.   28 U.S.C. § 1367. Therefore, supplemental jurisdiction is lacking.   *See Kinsey,* 257 Fed. Appx. at 139 (holding that, "[e]ven if the district court erred in dismissing every claim against [other defendants] for lack of subject matter jurisdiction, the district court would lack the power to exercise supplemental jurisdiction over" the plaintiffs' legal malpractice claims against an attorney because the legal malpractice claims arose out of the attorney's representation of the plaintiffs in negotiations with the other defendants and his subsequent withdrawal from that representation). *Cf.  Ray*, 677 F.2d 818, 825 (1982) ("The only federal claims presented in this case are Ray's claims against the TVA . . . . The malpractice claim, however, relates to the prosecution of the 1974 lawsuit against the TVA . . . . The malpractice claim therefore is wholly separate from the federal claims both as to the facts necessary to prove the claim and the theory of recovery. Hence, we conclude that the malpractice claim and the federal claims did not arise from a 'common nucleus of operative fact' and consequently the district court lacked the power to hear the malpractice claim.").

Accordingly, Hunter's claim against Charlie Anderson and the Anderson Law Firm

is due to be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge

1.     that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), Hunter's § 1983 claims against against BellSouth Owners and F. Duanne Ackerman be dismissed[4] with prejudice as frivolous and for failure to state a relief upon which relief can be granted;

2.     that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Hunter's § 1983 claims against Charter Communication Owners, Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, and Sergey Brin be dismissed without prejudice for failure to state a claim upon which relief could be granted;

3.     that, pursuant to Fed. R. Civ. P. 12(h)(3), Hunter's claims against the NSA, FBI, and ABI be dismissed for lack of subject matter jurisdiction;

4.     that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Hunter's claims against Keith Alexander and James Clapper be dismissed without prejudice for failure to state a claim upon which relief could be granted;

---

[4]In making this recommendation, the court notes that Hunter has already been given an opportunity to amend his complaint to state a claim upon which relief can be granted (*see* Doc. 14). *See Troville*, 303 F.3d at 1260 n.5 ("Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15"). Moreover, the court concludes that further opportunities to amend would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

5.     that Hunter's claims against the James Comey and Luke Garner be dismissed for lack of subject matter jurisdiction;

6.     that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Hunter's claim against MPD Chief Murphy be dismissed without prejudice for failure to state a claim upon which relief could be granted;

7.     that Hunter's breach-of-contract claims against BellSouth Owners, F. Duanne Ackerman, Charter Communication Owners, Thomas Rutledge, Knology Cable Owners, AT&T, Randall L. Stephenson, Google, Larry Page, and Sergey Brin be dismissed for lack of subject matter jurisdiction;

8.     that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Hunter's claims against Campbell B. Lanier and Greater Valley Group, LLC, are due to be dismissed without prejudice for failure to state a claim upon which relief could be granted;

9.     that Hunter's claim against Charlie Anderson and the Anderson Law Firm be dismissed for lack of subject matter jurisdiction; and,

10.     there being no other claims pending in this case, that this case be dismissed.  It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **February 4, 2014.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

22

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).  Further, it is

**ORDERED** that the motion to proceed *in forma pauperis* (Doc. 2) be and is hereby **GRANTED**.

Done this 21st day of January, 2014.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE
